### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| IMPLICIT, LLC<br><br>               Plaintiff,<br><br>v.<br><br>ZIFF DAVIS, INC.; KEEPITSAFE, INC.<br><br>               Defendant. | **Civil Action No. 6:22-cv-460**<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Implicit, LLC ("Implicit" or "Plaintiff"), for its Complaint against Defendants Ziff Davis, Inc. (referred to herein as "Ziff Davis" or Defendant), and KeepItSafe, Inc., (referred to herein as "KeepItSafe" or "Defendant") (collectively, "Defendants"), alleges the following:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

### THE PARTIES

2. Plaintiff Implicit is a limited liability company organized under the laws of the State of Washington with a place of business at 101 E Park Blvd, Suite 600, Plano, TX 75074.

3. Upon information and belief, Ziff Davis is a corporation organized under the laws of the State of Delaware with a place of business at 7801 N. Capital of Texas Hwy, Suite 300, Austin, TX 78731. Upon information and belief, Ziff Davis sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

4. Upon information and belief, KeepItSafe is a corporation organized under the laws of the Delaware with a place of business at 21750 Hardy Oak Blvd., Suite 104 PMB 96884, San Antonio, TX 78258. Upon information and belief, KeepItSafe sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

8. This Court has personal jurisdiction over Ziff Davis under the laws of the State of Texas, due at least to its substantial business in Texas and in this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in the State of Texas.  Venue is also proper in this district because Ziff Davis has a regular and established place of business in this district.  On information and belief, Ziff Davis has employees in this judicial district and maintains an office located at 7801 N. Capital of Texas Hwy, Suite 300, Austin, TX 78731.  (*See, e.g.*, https://www.ziffdavis.com/locations; https://www.builtinaustin.com/ company/ziff-davis.)

9. This Court has personal jurisdiction over KeepItSafe under the laws of the State of Texas, due at least to its substantial business in Texas and in this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and

(ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in the State of Texas.  Venue is also proper in this district because KeepItSafe has a regular and established place of business in this district.  On information and belief, KeepItSafe has employees in this judicial district and maintains an office located at 21750 Hardy Oak Blvd., Suite 104 PMB 96884, San Antonio, TX 78258.  (*See, e.g.*, https://www.keepitsafe.com/about-us/contact-us/.)

## BACKGROUND

### The Invention

10. Edward Balassanian is the inventor of U.S. Patent No. 7,778,966 ("the '966 patent").  A true and correct copy of the '966 patent is attached as Exhibit A.

11. The '966 patent resulted from the pioneering efforts of Mr. Edward Balassanian (hereinafter "the Inventor") in the area of computer systems and methods to manage access to information using object attributes.  These efforts resulted in the development of a method for managing attributes of objects in a namespace and for allowing multiple views into the namespace in the early 2000s.  At the time of these pioneering efforts, the most widely implemented technology used to access various data structures to locate the object and return its reference relied on namespaces utilizing predefined attributes associated with their objects and logical views of objects that corresponded to the physical organization of the namespace.  The Inventor conceived of the inventions claimed in the '966 patent as a way to improve upon these shortcomings and allow for more flexible handling of object attributes and more flexible views into the namespace.

12. For example, as recited in claim 1 of the '966 patent, the Inventor developed a method in a computer system for synchronizing a duplicate namespace with an original namespace, the method comprising:

>receiving a query specification and a view specification for one or more objects in the namespace, the view specification indicating how objects satisfying the query specification are to be organized;
>
>identifying from the original namespace the objects that match the query specification;
>
>generating a duplicate namespace using the identified objects and the view specification;
>
>associating the query specification and view specification with the duplicate namespace;
>
>modifying one or more objects so that the original namespace and duplicate namespace are not synchronized;
>
>re-identifying from the original those objects that match the query specification; and
>
>modifying one or more objects so that the original namespace and duplicate namespace are synchronized.

13. Because of the aforementioned advantages that can be achieved through the use of the patented invention, the '966 patent presents significant commercial value for companies like Defendants. Indeed, Defendants' product SugarSync has at least 112,000 monthly users in 186 countries. (*See, e.g.*, https://www.ziffdavis.com/brands/security/sugarsync.)

14. The patented invention disclosed in the '966 patent resolves technical problems related to managing access to data structures to locate the object, particularly problems related to flexibility in the handling of object attributes and views into the namespace

15. The claims of the '966 patent do not merely recite the performance of some well-known business practice from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claims of the '966 patent recite inventive concepts that are deeply rooted in engineering technology, and overcome problems specifically arising out of how to

manage attributes for and views of objects within a namespace wherein multiple queries may be used to access a data structure in a computer system at various levels of hierarchy.

16. The claims of the '966 patent recite inventive concepts that are not merely routine or conventional use of the aforementioned computer systems, but provide a new and novel solution to specific problems related to improving data management and access therein.

17. And finally, the patented invention disclosed in the '966 patent does not preempt all the ways that computer systems may be organized to improve data access, nor does the '966 patent preempt any other well-known or prior art technology.

18. Accordingly, the claims in the '966 patent recite a combination of elements sufficient to ensure that the claim in substance and in practice amounts to significantly more than a patent-ineligible abstract idea.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,778,966**

19. The allegations set forth in the foregoing paragraphs 1 through 18 are incorporated into this First Claim for Relief.

20. On August 17, 2010, the '966 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Method and System for Attribute Management in a Namespace."

21. Implicit is the assignee and owner of the right, title and interest in and to the '966 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

22. Upon information and belief, Defendants have and continue to directly infringe one or more claims of the '966 patent by selling, offering to sell, making, using, and/or providing and causing to be used products, specifically one or more data synchronization platforms, which by way of example includes SugarSync (the "Accused Instrumentalities").

23. Upon information and belief, the Accused Instrumentalities perform a method in a computer system for synchronizing a duplicate namespace with an original namespace. Exemplary infringement analysis showing infringement of all elements of the method recited in claim 1 of the '966 patent is set forth in Exhibit B. This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Defendants with respect to the '966 patent. Implicit reserves all rights to amend, supplement and modify this preliminary infringement analysis. Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '966 patent.

24. The Accused Instrumentalities infringed and continue to infringe claim 1 of the '966 patent during the pendency of the '966 patent.

25. Implicit has been harmed by Defendants' infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Implicit demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Implicit demands judgment for itself and against Defendants as follows:

A. An adjudication that Defendants have infringed the '966 patent;

B. An award of damages to be paid by Defendants adequate to compensate Implicit for Defendants' past infringement of the '966 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

      C.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Implicit's reasonable attorneys' fees; and

      D.      An award to Implicit of such further relief at law or in equity as the Court deems just and proper.

Dated: May 6, 2022                      DEVLIN LAW FIRM LLC

                                         */s/ James M. Lennon*
                                         James M. Lennon
                                         jlennon@devlinlawfirm.com
                                         Timothy Devlin
                                         tdevlin@devlinlawfirm.com
                                         1526 Gilpin Avenue
                                         Wilmington, Delaware 19806
                                         Telephone: (302) 449-9010
                                         Facsimile: (302) 353-4251

                                         *Attorneys for Plaintiff Implicit, LLC*